UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NIKOLE SMITH, ET AL.

VERSUS

CITY OF BATON ROUGE, ET AL.

CIVIL ACTION

NO. 17-436-JWD-EWD

### ORDER

This matter comes before the Court on the *Motion for Summary Judgment* (Doc. 271) filed by the City of Baton Rouge/Parish of East Baton Rouge (the "City"), certain defendants associated with the City named in their official capacity,[1] and current and former Baton Rouge Police Department ("BRPD") officers named in their individual capacity[2] (collectively, "City Defendants"). In this motion, City Defendants seek dismissal of all claims asserted by plaintiff Sofie Kosofsky. She opposes the motion, at least in part. (*See* Doc. 291.) City Defendants have filed a reply. (Doc. 295.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule.

By way of introduction, this case involves three plaintiffs who assert nineteen (19) claims arising from two protests which occurred in July 2016 in Baton Rouge following the killing of Alton Sterling by BRPD officers. Two plaintiffs, Nicole Smith and Sean Benjamin, seek relief

---

[1] The City Defendants sued in their official capacity include: Melvin Lee "Kip" Holden, Sharon Westin Broome, former Baton Rouge City Police ("BRPD") Chief Carl Dabadie, Jr., current BRPD Chief Murphy Paul, former BRPD Deputy Chief David Hamilton, and BRPD Incident Commander J.D. Leach. (*See* Doc. 291 at 1.)

[2] Those City Defendants sued individually with respect to the claims raised by Sophie Kosofsky are: Carl Dabadie, Jr., David Hamilton, J.D. Leach, Alaina Mancuso, Jeffrey Pittman, Willie Williams, Derrick Williams, Brandon Woods, Alex Robeau, Brandon Bethany, Tomas Quintero, Wes Hall, Brock McMorris, Jared Neyland, Derrick Maglone, Thomas Pierce, Julius Raymond, Neil Porter, Robin Ducote, Devin Hernandez, Doug Chutz, Brandon Farris, Joshua Kirst, Carl Alexander, Michael Barrow, Mark Carrie, Alan Hamilton, Lorenzo Coleman, and Nicholas Collins. (*See* Doc. 291 at 1 n.3.)

from a protest which occurred on July 9, 2016, around Airline Highway. One plaintiff, Sofie Kosofsky, brings claims arising from a protest which occurred on Sunday, July 10, 2016, in downtown Baton Rouge, in and around the intersection of East Boulevard and France Street.

The City seeks dismissal of the claims against Smith and Benjamin through a motion for summary judgment filed in another case involving the Airline Highway protest, *Tennart v. City of Baton Rouge*, No. 17-179-JWD-EWD (M.D. La.), Doc. 347.  That motion was made in *Tennart* with plaintiff counsels' consent and for the sake of judicial efficiency.  Again, the instant motion deals solely with Kosofsky's claims and the protest at East and France.

This latter demonstration, and claims arising from it, were the subject of an extensive *Ruling and Order* in another case, *Imani v. City of Baton Rouge*, No. 17-439-JWD-EWD (M.D. La.), Doc. 347 (the "*Imani Ruling*").  While the plaintiffs differ in *Imani*, the City was the moving defendant, and many of the pertinent arguments and most of the relevant evidence used for that motion have also been used for the instant one.

Thus, the Court finds that the law and analysis used in the *Imani Ruling* largely control the disposition of the current case.  In sum, just as the Court denied summary judgment on virtually all but the undisputed claims in the *Imani Ruling*, so too will the Court deny summary judgment on nearly all but the conceded issues in this case.

More specifically, Plaintiffs fail to address in their opposition City Defendants' motion as to the following claims:

  (1) Count One, Civil Conspiracy to Violate Civil Rights under 42 U.S.C. § 1983;

  (2) Count Two, Claim for Racially Motivated Civil Conspiracy under 42 U.S.C. § 1985(3);

  (3) Count Five, Claim for Excessive Force under § 1983;

(4) Count Nine through Eleven, As-Applied Challenges to La. R.S. 14:100.1, 14:329.2, and 14:108;

(5) Count Thirteen, State Law Civil Conspiracy Claim;

(6) Count Fifteen, State Law Right to Privacy and Right to be Left Alone Claims;

(7) Count Sixteen, State Law Claims for Intentional Torts, including Intentional Infliction of Emotional Distress, Assault, Battery, and False Imprisonment; and

(8) Count Nineteen, State Law Negligence Claim.

Accordingly, these claims are **DISMISSED WITH PREJUDICE** as waived. (*See Imani Ruling*, at 26–27.)

Conversely, Plaintiff's contested claims—specifically, her Fourth Amendment claims for false arrest, detention, imprisonment, and manufacturing evidence; her First Amendment claim for retaliatory arrest (and the equivalent state constitutional claims); and her *Monell* claim—survive summary judgment, for the reasons largely given in the *Imani Ruling*. When viewing the facts in a light most favorable to Plaintiff—specifically, those facts detailed in the *Imani Ruling*, the deposition testimony quoted in *Plaintiff Sophie Kosofsky's Response to the Statement of Uncontested Material Facts by the City of Baton Rouge*, (Doc. 291-1 at 1–16), and the additional facts listed in *Supplemental Statement of Uncontested Material Fact*, (Doc. 291-1 at 16–24, ¶¶ 1–34) (all of which are deemed admitted for purposes of this motion because of the City's failure to submit a separate reply statement, *see* M.D. La. LR 56(d), (f), & (g))—and when drawing reasonable inferences from these facts in Plaintiff's favor, there are genuine issues of material fact on nearly all contested issues, and different conclusions can be drawn from even undisputed facts. Accordingly, as to these claims, City Defendants' motion is **DENIED**.

However, the instant motion deviates from the *Imani Ruling* in a few important ways that bear emphasizing. First, as explained in the *Imani Ruling*, for a § 1983 failure to intervene claim to survive, a plaintiff must demonstrate that the defendant observed the constitutional violation and had a reasonable opportunity to intervene to prevent the harm and yet chose not to act. (*See Imani Ruling*, at 87–90.) Unlike *Imani*, City Defendants here have argued that Kosofsky cannot create a question of fact for trial on these issues. Having carefully considered the matter, the Court agrees and finds that Kosofsky has failed to present sufficient summary judgment evidence creating a genuine issue of material fact on these claims as to each of the individual BRPD officers. Plaintiff has shown mere presence at the scene of the constitutional violation, but that is insufficient. (*See id.*) At the very least, the BPRD officers are entitled to qualified immunity, as the Court cannot say that every reasonable officer in these defendants' position would know, beyond doubt, that his conduct was unlawful under clearly established law. As a result, these claims are **DISMISSED WITH PREJUDICE**.[3]

The Court will also deviate from the *Imani Ruling* for claims not made in that case, specifically, the state law torts of abuse of process and abuse of rights and the as-applied challenge to La. R.S. 14:97. As to the first, Magistrate Judge Wilder-Doomes recently explained in connection with another protester case, "[t]he tort of abuse of process involves the malicious use of a legal process *after* the process has been instituted." *Day v. City of Baton Rouge*, No. 17-328-EWD, slip op. at 44 (M.D. La. Nov. 30, 2020), Doc. 145 (citing *Duboue v. City of New Orleans*,

---

[3] As Plaintiff highlights, the bystander liability claims were made against the following individual City Defendants: Jeffrey Pittman, Brandon Woods, Alex Robeau, Brandon Bethany, Tomas Quintero, Wes Hall, Brock McMorris, Jared Neyland, Derrick Maglone, Thomas Pierce, Julius Raymond, Neil Porter, Robin Ducote, Devin Hernandez, Doug Chutz, Brandon Farris, Joshua Kirst, Carl Alexander, Michael Barrow, Mark Carrie, Alan Hamilton, Lorenzo Coleman, and Nicholas Collins. (Doc. 291 at 3 n.10.)

909 F.2d 129, 132 (5th Cir. 1990)). The Magistrate Judge went on to dismiss those abuse of process claims because:

> Like Officer Logan in *Doboue*, the BRPD officers who arrested Plaintiff instituted the process when they arrested Plaintiff for violating La. R.S. § 14:97 and used a pre-printed/form affidavit of probable cause. However, as both parties admit, the District Attorney for East Baton Rouge Parish declined to prosecute Plaintiff and other protestors for alleged violations of La. R.S. § 14:97. The charges against Plaintiff were dropped, and there was "no process" to be abused after it was instituted by Plaintiff's arrest. Because Plaintiff cannot show that any process, including the use of pre-printed affidavits of probable cause, was abused *after* he was arrested, summary judgment is appropriate. Plaintiff's claim for abuse of process will be dismissed with prejudice.

*Id.* at 46. For the same reasons, the Court finds that Kosofsky has no viable abuse of process claims, so they are **DISMISSED WITH PREJUDICE.**

However, as to the abuse of rights claims, Magistrate Judge Wilder-Doomes denied summary judgment because there were questions of fact concerning whether Plaintiff was retaliated against in violation of the First Amendment. *Id.* at 48. Likewise, because Kosofsky's retaliation claim also survives summary judgment, so too will her abuse of right claim.

Likewise, Plaintiff's as-applied challenge to La. R.S. 14:97 survives. As is clear from the *Imani Ruling*, when viewing the facts in a light most favorable to Plaintiff and drawing reasonable inferences in her favor, Plaintiff could easily prevail under *Cox I* and *Cox II*. (*See Imani Ruling* at 34–48, 62–64.)

Accordingly,

5

**IT IS ORDERED** that the City Defendants' *Motion for Summary Judgment* (Doc. 271) is **GRANTED IN PART** and **DENIED IN PART**, as described herein.

Signed in Baton Rouge, Louisiana, on <u>July 15, 2022</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**